IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JACK BENNY HALES**

v.                                                                                                  Criminal No. 1:18cr28-HSO-JCG-3
                                                                                                                             Civil No. 1:19cv432-HSO

**UNITED STATES OF AMERICA**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DISMISSING IN PART WITHOUT PREJUDICE JACK BENNY HALES'S MOTION [101] TO VACATE, SET ASIDE, OR CORRECT SENTENCE FILED PURSUANT TO 28 U.S.C. § 2255**

BEFORE THE COURT is the Motion [101] of Defendant Jack Benny Hales to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Defendant seeks to set aside his August 2, 2018, Judgment of Conviction. Jack Benny Hales's former counsel, Robert G. Harenski, has filed an Affidavit [103] in response to the Motion [101], the Government has filed a Response [105], and Jack Benny Hales has filed a Reply [108]. Having considered the issues presented, the record, and relevant legal authority, the Court is of the opinion that the Motion [101] should be granted in part to allow Jack Benny Hales to file an out-of-time direct appeal, and should be dismissed without prejudice in all other respects.

1

I. BACKGROUND

A.  Factual background

On January 24, 2018, a criminal Complaint [1] was filed against Defendant Jack Benny Hales ("Defendant" or "Hales") and a co-defendant, charging Hales with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846.  Compl. [1].  On February 21, 2018, a federal grand jury returned an Indictment [15] against Hales and two co-defendants.  The Indictment charged Hales with knowingly and intentionally conspiring with the co-defendants to possess with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 (Count One), and knowingly and intentionally possessing with intent to distribute fifty grams or more of a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count Three).

Robert G. Harenski ("Harenski") was appointed Defendant's counsel, and on May 10, 2018, Defendant pled guilty to Count Three of the Indictment [15].  Min. Enty, May 10, 2018; Plea Agreement [56].  Pursuant to a written Plea Agreement with the Government, Defendant reserved "the right to raise ineffective assistance of counsel claims," but otherwise expressly waived "the right to appeal the conviction and sentence imposed in this case" and "the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding."  Plea Agreement [56] at 5.

On August 2, 2018 the Court sentenced Defendant to a one-hundred-and-fifty-seven (157) month term of imprisonment with respect to Count Three of the Indictment, and dismissed Count One on the Government's Motion. Min. Entry, Aug. 2, 2018; J. [73]. The Court also imposed a five (5) year term of supervised release and ordered Defendant to pay a $5,000.00 fine and a $100.00 special assessment. J. [73]. The Judgment of Conviction [73] was filed on August 2, 2018. Neither Defendant nor his counsel filed an appeal of the Judgment within the time afforded by the Federal Rules of Appellate Procedure.

B.   Procedural background

Proceeding pro se, Defendant timely filed[1] the instant Motion [101] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Hales asserts four grounds for relief based upon claims of ineffective assistance of counsel. Mot. [101] at 4-8. First, he asserts that his counsel failed to conduct a meaningful investigation into his case, which would have produced a "plausible defense, and clear and convincing evidence that [D]efendant was entitled to [a] substantial[ly] lower sentence." *Id.* at 4. Defendant next claims that his counsel was ineffective for failing to object to the purity level of the drugs as set forth in the Presentence Investigation Report ("PSR"). *Id.* at 5. Defendant's third claim of ineffective assistance of counsel is similar to his first in that it asserts that his counsel's failure to conduct a meaningful investigation rendered Defendant's

---

[1] Although the Motion was not filed in ECF until August 6, 2019, it is dated July 30, 2019, and the envelope in which it was mailed to the Court is postmarked July 31, 2019. Mot. [101]; Envelope [101-1].

guilty plea involuntary. *Id.* at 7. Hales's fourth and final ground for relief appears to be a reiteration of his second ground. *Id.* at 8. Throughout his Motion, however, Hales avers that his counsel did not inquire as to whether Hales wished to appeal his conviction or sentence. *Id.* at 5-6, 8-9.

Hales's former counsel, Robert Harenski, has submitted an Affidavit [103], in which he states that he properly investigated Hales's case and that his decision not to object to the PSR was "a specific sentencing strategy." Aff. [103] at 1-2. However, Harenski acknowledges that he did not consult with Hales as to whether Hales wanted to file an appeal.[2] *Id.* at 3. The Government has filed a Response [105] in opposition to Defendant's Motion [101], taking the position that Hales cannot demonstrate that he was denied ineffective assistance of counsel. Resp. [105] at 4-6. Hales has filed a Reply [108].

## II. DISCUSSION

A.  Relevant legal standards

Once finally convicted, there are four narrow and separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see also*

---

[2] Harenski asserts that he did not confer with Hales about an appeal because Hales "was moved from the jail by [United States] Marshalls on the same day he was sentenced" and "it is almost impossible to get in touch with a defendant while they are awaiting Federal [Bureau of Prisons] designation and placement due to security concerns." Aff. [103] at 4.

4

*United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992). "[O]n collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)).

According to the United States Supreme Court "[a] defendant claiming ineffective assistance of counsel must show (1) that counsel's representation 'fell below an objective standard of reasonableness,' . . . and (2) that counsel's deficient performance prejudiced the defendant." *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). This test applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. *Id.* at 477.

The United States Court of Appeals for the Fifth Circuit has held that the failure to file a direct appeal when requested constitutes *per se* ineffective assistance of counsel and warrants an out-of-time appeal. *United States v. Tapp*, 491 F.3d 263, 265-66 (5th Cir. 2007); *see also Roe*, 528 U.S. at 478 ("Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."). This is so even where the defendant has waived his right to a direct appeal. *Tapp*, 491 F.3d at 265-66.

In cases "where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken," the Supreme Court has held that "the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in

5

fact consulted with the defendant about an appeal." *Roe*, 528 U.S. at 478. The Supreme Court has explained that it employs "the term 'consult' to convey a specific meaning-advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.*

If counsel has not consulted with the defendant, a court must then consider "whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id.* In this context, the Supreme Court has stated that:

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

*Id.* at 480. In order to establish prejudice under *Strickland*, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

B. <u>Analysis</u>

Based upon his statements in his Motion [101] and Reply [108], which he filed under penalty of perjury, Hales has arguably created a question of fact as to whether he demonstrated that he desired to pursue an appeal. Additionally, Hales's counsel has admitted to not consulting with Hales about whether he wanted to pursue and appeal. Aff. [103] at 3-4. For these reasons, the Court will permit Hales to pursue an out-of-time appeal.

Since district courts cannot "create appellate jurisdiction," the Fifth Circuit has provided direction in this context. *United States v. West*, 240 F.3d 456, 459, 460-61 (5th Cir. 2001). When allowing an out-of-time appeal arising out of a § 2255 motion asserting ineffective assistance based on counsel's failure to file a notice of appeal, the out-of-time appeal cannot proceed unless a court grants the § 2255 motion insofar as it seeks an out-of-time appeal, and dismisses without prejudice "those parts of the motion for which the out-of-time appeal is granted." *Id*. at 460. The Court must reinstate the Judgment on the criminal docket, and a defendant will then have fourteen (14) days from the date of entry of the reinstated judgment in which to file a notice of appeal. *Id*. at 462; Fed. R. App. P. 4(b)(1)(A)(i).

Pursuant to this directive, Hales's Motion to Vacate will be granted only to the extent that he will be permitted to file an out-of-time direct appeal. *West*, 240 F.3d at 460-61. By a "Text Only Order" to be entered in conjunction with this Order, the Court will reinstate the Judgment [116] of Conviction on the criminal docket as of the date of this Order. *Id*. at 462. The remaining claims asserted in Hales's Motion will be dismissed without prejudice. *Id*. Whether Defendant is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of the Plea Agreement need not be addressed at this point. *Tapp*, 491 F.3d at 265-66. Should Defendant elect to reassert his other post-conviction claims he may do so by way of a timely Section 2255 motion filed after his direct appeal is concluded.

III. CONCLUSION

In accordance with the foregoing, the Court will grant Hales's Motion [101] in part, to permit an out-of-time direct appeal, and will deny his remaining claims without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Jack Benny Hales Motion [101] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255 is **GRANTED IN PART**, to the extent Jack Benny Hales will be permitted to file an out-of-time direct appeal as described above, and **DISMISSED WITHOUT PREJUDICE** in all other respects.

**SO ORDERED AND ADJUDGED**, this the 24th day of April, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE